IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHERYL LEE VANDEVENDER,

        Petitioner,

v.                                                 Civil Action No. 3:07-cv-122
                                                  Criminal Action No. 3:03-cr-62
UNITED STATES OF AMERICA,         (JUDGE BAILEY)

        Respondent.

**REPORT AND RECOMMENDATION
THAT §2255 MOTION BE DENIED**

**I. INTRODUCTION**

On July 15, 2005, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Doc. No. 24). The Motion was referred to the undersigned August 12, 2005. Petitioner also filed a Motion to Compel and Motion for Hearing on June 15, 2006, (Doc. No. 29); a Motion for Default Judgment on July 23, 2007, (Doc. No. 31); and a Motion for Continuance on November 6, 2007, (Doc. No. 41). Petitioner moved the Court on January 4, 2008 to withdraw her Motion to Compel. (Doc. No. 43). The Government filed its Response to petitioner's Motion to Compel on July 6, 2006 (Doc. No. 30) and to petitioner's § 2255 Motion on October 18, 2007. (Doc. No. 39). Petitioner filed her reply on January 4, 2008. (Doc. No. 44).

**II. FACTS**

**A.**     **Conviction and Sentence**

On February 24, 2004, petitioner signed a plea agreement by which she agreed to plead guilty to Count 3, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C),

1

and 860(a) of the superceding indictment. In the plea agreement, the parties stipulated to total drug relevant conduct of 38.92 grams of cocaine base.

On March 2, 2004, the petitioner entered her plea in open court. Petitioner was forty-seven years old and had obtained her GED. (Plea transcript p. 4, 5). Petitioner stated she understood and agreed with all the terms and conditions of the plea agreement. (Id. at 12). The Court asked petitioner's counsel if he believed petitioner understood the details of the plea agreement. (Id. at 21). The Court then reviewed all the rights petitioner was giving up by pleading guilty. (Id. at 19-21). During the plea hearing, the Government presented the testimony of Theodore Snyder, of the Berkeley County Sheriff's Department, to establish a factual basis for the plea. (Id. at 21-23). The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that she was guilty of Count 3 of the superceding indictment. (Id. at 25). The petitioner further stated under oath that no one had attempted to force her to plead guilty, and that she was pleading guilty of her own free will. (Id. at 24). In addition, she testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id.). The petitioner testified that her attorney had adequately represented her, and that her attorney had left nothing undone. (Id. at 24-25). Finally, petitioner said she was in fact guilty of the crime to which she was pleading guilty (Id. at 25).

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of the crime were established beyond a reasonable doubt. (Id. at 25). The petitioner did not object to the Court's finding.

On July 6, 2004, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of incapacitation, deterrence, and punishment, the Court sentenced the petitioner to a term of 97 months imprisonment.

**B.** **Appeal**

Petitioner did not file a direct appeal.

**C.** **Federal Habeas Corpus**

Petitioner contends:

- Her sentence violated Blakely and Apprendi because the sentencing judge, in enhancing her sentence, relied on factors not admitted by her or found by a jury beyond a reasonable doubt.

- Her sentence was unreasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

- She should be released early because she has been a "model prisoner."

The Government contends:

- Petitioner's claims are barred because she has failed to demonstrate "cause" and "prejudice" for failing to raise the issues on direct appeal.

- Petitioner's sentence did not implicate or violate Blakely and Apprendi.

- Petitioner's post-conviction behavior may not be raised in a collateral attack.

**D.** **Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner's claims are barred and are without merit**.**

# III. ANALYSIS

**A.**     **18 U.S.C. § 2255**

"A petitioner collaterally attacking her sentence or conviction bears the burden of proving her sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish her grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006).

**B.**     **Barred Claims**

Before evaluating the merits of Petitioner's claims, the Court must determine which of Petitioner's issues she may bring in her § 2255 motion and which are barred either because they are not appropriately raised in a § 2255 motion or because petitioner's failure to raise them on direct appeal is not excused.

   1.     Procedurally Defaulted Claims

It is well settled non-constitutional issues that could have been raised on direct appeal but were not may <u>not</u> be raised in a collateral attack such as a § 2255 motion. Sunal v. Large, 332 U.S. 174, 178-79 (1947); Bousley v. United States, 523 U.S. 614 (1998). Constitutional errors that were capable of being raised on direct appeal but were not <u>may</u> be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses her procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). In establishing "prejudice," the petitioner must show the error worked to her "actual and substantial disadvantage," rather than merely created a possibility of prejudice.

See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). In the alternative to establishing "cause" and "prejudice," the petitioner may demonstrate "actual innocence," or that "it is more likely than not, in light of all the evidence, that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 621 (1998). In such an event, the court should issue a writ of habeas corpus to prevent a "miscarriage of justice," regardless of whether the issue was procedurally defaulted. Hurdle v. United States, 2007 U.S. Dist. LEXIS 37709, at *6-7 (E.D. Va. May 22, 2007) (relying on Schlup v. Delo, 513 U.S. 298 (1995). Finally, issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976).

Petitioner's claim her sentence violated Apprendi and Blakely is a constitutional claim. Because petitioner did not raise this issue on direct appeal and has failed to demonstrate "cause" and "prejudice" for her procedural default, she may not raise this claim in a § 2255 collateral attack. See Maybeck, 23 F.3d at 891.

    2.    Claims Not Cognizable in a § 2255 Motion.

Petitioner's challenge to the reasonableness of her sentence may not be raised in a § 2255 motion. A claim not attacking the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979). Because an alleged misapplication of statutory sentencing requirements - 18 U.S.C. § 3553 - does not constitute a miscarriage of justice, United States v. Mikalajunas, 186 F.3d 490 (4th Cir. 1999), petitioner's claim is barred. See Stewart v. United States, 2006 U.S. Dist. LEXIS 54553 at *13-14 (E.D. Va. July 21, 2006).

5

Petitioner's claim she should be released early also fails to invoke a cognizable § 2255 claim and is therefore barred.

C.     **Claim 1  - Whether Petitioner's Sentence Violates *Apprendi* and *Blakely*.**

Petitioner alleges her sentence was imposed in violation of Apprendi and Blakely because the sentencing judge "factored into the sentence alleged conduct" not found by a jury beyond a reasonable doubt or admitted by petitioner.  The Government first contends petitioner's sentence does not implicate Apprendi and Blakely because her sentence was within the statutory maximum.  The Government next contends petitioner's sentence does not violate Apprendi because the judge relied on factors stipulated to or admitted by petitioner.  Finally, the Government argues petitioner may not rely on Blakely because Booker is inapplicable to cases such as petitioner's that were not pending on direct review on the date Booker was decided.

In Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Supreme Court held "other than a fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt."  In Blakely v. Washington, 542 U.S. 296, 301-303 (2004), the Supreme Court applied Apprendi to the State of Washington's sentencing scheme and found that the imposition of state sentencing enhancements based solely on factual findings by the court and neither admitted by the defendant nor found by a jury violated the Sixth Amendment.  Blakely was in turn applied to the federal sentencing guidelines in United States v. Booker, 543 U.S. 220, 243 (2005).  However, pursuant to United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005), Booker applies retroactively only to those cases that were pending on direct review when Booker was decided - January 12, 2005.

The Court finds petitioner's claim does not warrant relief. First, petitioner's sentence of 97 months imprisonment does not implicate Apprendi or Blakely because 97 months is less than the statutory maximum of forty years. See 21 U.S.C. §§ 841(b)(1)©, 860. Second, even if petitioner's sentence did exceed the statutory maximum, there is no evidence the sentencing judge relied on factors not admitted by petitioner. Rather, the sentence reflected petitioner's stipulation to her drug relevant conduct and her admission, by way of her guilty plea to Count 3, to selling crack within 1000 feet of a school. Third, Blakely, applied to the Sentencing Guidelines via Booker, is inapplicable to petitioner's case because petitioner's judgment was not pending on direct review on January 12, 2005, the date Booker was decided.

For these reasons, relief should be denied.

**D**.     **Claim 2 - Whether Petitioner's Sentence is Unreasonable.**

Petitioner claims her sentence of 97 months imprisonment is unreasonable in light of her criminal history and the non-violent nature of the offense. The Court construes petitioner's attack on the reasonableness of her sentence as a claim her sentence failed to comply with 18 U.S.C. § 3553.[1]  The Government did not address petitioner's claim in its brief.

---

[1] 18 U.S.C. § 3553(a) provides, in part, "Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider:
    1) the nature and circumstances of the offense and the history and characteristics of the defendant;
    2) the need for the sentence imposed-
        A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        B) to afford adequate deterrence to criminal conduct;
        C) to protect the public from further crimes of the defendant; and
        D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    3) the kind of sentences available;
    4) the kinds of sentence and the sentencing range established [by the Sentencing Guidelines];
    5) any pertinent policy statement [issued by the Sentencing Commission];

The Court finds petitioner's claim is without merit. In Booker, 543 U.S. at 220, the Supreme Court excised the provisions of the Sentencing Reform Act that mandated sentencing in conformance with the guidelines and rendered the Guidelines merely advisory. District courts, however, were not given unbridled discretion in sentencing. Rather, they were instructed they must still "consult those Guidelines and take them into account when sentencing." Id. at 767. District courts - post-Booker - must also adhere to the commands of 18 U.S.C. § 3553. See United States v. Green, 436 F.3d 449, 455 (4th Cir. 2006).

Sentences imposed by district courts under the above standards are reviewed for unreasonableness. Booker, at 543 U.S. at 261. While sentences falling within a properly calculated guideline range are presumed reasonable,[2] United States v. Moreland, 437 F.3d 424, 433 (4th Cir. 2006), United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), the ultimate determination of reasonableness rests on whether the sentence was guided by the Sentencing Guidelines and the provisions of § 3553(a). Green, 436 F.3d at 456. So long as the sentence was "selected pursuant to a reasoned process in accordance with the law, in which the court did not give excessive weight to any relevant factor, and which effected a fair and just result in light of the relevant facts and law," the sentence will be deemed reasonable. Id. at 457. A petitioner may rebut the presumption of reasonableness only by demonstrating her sentence is unreasonable "when measured against the § 3553(a) factors." United States v. Mykytiuk, 415 F.3d 606, 608 (7th Cir. 2005); see, also, Moreland, 437 F.3d at 433.

---

      6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
      7) the need to provide restitution to any victims of the offense."

[2] Such a sentence is presumed reasonable due to 1) the legislative and administrative process by which the Guidelines were created, 2) the incorporation into the Guidelines of the factors listed in 18 U.S.C. § 3553(a), and 3) the individualized facts relied on in sentencing combined with a petitioner's opportunity to object to those facts. United States v. Johnson, 445 F.3d 339 (4th Cir. 2006).

In the present case, petitioner's sentence was within the properly calculated Guideline range of 97-121 months and is therefore presumed reasonable. See Johnson, 445 F.3d at 339. The sentencing Judge considered the factors listed in § 3553 by stating petitioner's sentence addressed the "sentencing objectives of incapacitation, deterrence, and punishment." (Sent. Trans. at. p. 9); see 18 U.S.C. § 3553(a)(2). Petitioner's allegation the sentence failed to account for her criminal history or the non-violent nature of the crime fails to indicate her sentence "offends" the § 3553 factors. See Mykytiuk, 415 F.3d at 608. Accordingly, the Court's finds petitioner has failed to rebut the presumption her sentence is reasonable.

E.     **Claim 3 - Whether Petitioner Should Be Released Early Due to "Model Behavior."**

Petitioner claims she should be released early for "model behavior." The Government alleges petitioner may not raise the issue of her post-conviction behavior in a § 2255 collateral attack.

The Court agrees with the Government and finds petitioner may not properly raise the issue of her post-conviction behavior in her present motion because such an issue falls outside the scope of a § 2255 collateral attack. As articulated in section 2255, a prisoner may challenge her conviction or sentence on any of the following four grounds: 1) the sentence was imposed in violation of the Constitution or laws of the United States; 2) the court was without jurisdiction to impose the sentence; 3) the sentence was in excess of the maximum authorized by law, or 4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Petitioner's claim invokes none of these grounds and is therefore barred.

## IV.  OTHER MATTERS

A.     **Petitioner's Motion to Compel Government**

On June 15, 2006, Petitioner filed a motion to compel the Government to file a motion pursuant to § 35(b) of the Federal Rules of Criminal Procedure. Because petitioner, on January

4, 2008, filed a Motion to Withdraw her Motion to Compel Government, her Motion to Withdraw (Doc. No. 43) is **GRANTED** and her Motion to Compel (Doc. No. 29) is **DENIED** as moot.

B.      **Petitioner's Motion for Default Judgment**

Petitioner filed a Motion for Default Judgment based on the Government's delay in responding to her § 2255 motion. Pursuant to Federal Rule of Civil Procedure § 55(e), "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Petitioner's sole basis for relief is the Government's delay in responding to her § 2255 motion. While the Court agrees with petitioner the Government's delay of over two years in responding to petitioner's § 2255 motion is excessive, the Court finds petitioner has failed to establish a right to relief. Accordingly, it is recommended her Motion for Default Judgment (Doc. No. 31) be **DENIED.**

C.      **Petitioner's Motion for Continuance**

Petitioner filed a Motion for Continuance requesting a 30-day continuance to reply to the Government's response to her § 2255 motion. (Doc. No. 41). On January 4, 2007, Petitioner filed her reply to the Government's response. Petitioner's Reply has been considered and this Motion is **DENIED** as moot.

V.    **RECOMMENDATION**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be **DENIED** and dismissed from the docket because petitioner's claims are barred and are without merit.

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the

recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Judge John P. Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: February 19, 2008

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE